UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAIAS PEREZ ORTIZ,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-05556-DAD-CKD (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS,* GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR APPOINTMENT OF COUNSEL AS MOOT<br><br>(Doc. Nos. 1, 2, 3, 4) |

On July 17, 2026, petitioner filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, challenging petitioner's detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 3), a motion for a temporary restraining order ("TRO") (Doc. No. 2), and a motion for appointment of counsel. (Doc. No. 4.) Respondent filed an opposition to petitioner's *habeas* petition on July 22, 2026, conceding that this case was not different from other cases cited by the court in which this court had ordered an immigration detainee's immediate release. (Doc. No. 8 at 1.) Nonetheless, respondent states that petitioner's detention is permissible under these circumstances pursuant to 8 U.S.C. § 1225(b). (Doc. No. 8 at 1.) Respondent requests the court

to rule on petitioner's *habeas* petition in its entirety based upon the briefing currently before the court. (*Id.*)

The facts of this case are these. Petitioner is a citizen of Mexico. (Doc. No. 1 at ¶ 12.) While there is no record of any legal entry into the United States, petitioner was detained by ICE officials in Florida on or about June 20, 2026, while leaving a grocery store. (*Id.* at ¶ 23.) Petitioner was then placed into ICE custody where petitioner remains.

Respondent argues that petitioner is detained pursuant to 8 U.S.C. § 1225(b) (Doc. No. 8 at 1), an argument which the undersigned has rejected on several prior occasions. *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).

The court adopts its reasoning set forth in *Quichimbo-Jimenez v. Warden, Cal. City Corr. Ctr.*, 2:26-cv-00739-DAD-EFB (HC), 2026 WL 679378, at *1-2 (E.D. Cal. Mar. 10, 2026), where the court concluded that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who have: (1) entered the United States without inspection; (2) were not apprehended on arrival; and (3) not otherwise subject to mandatory detention. Applying the reasoning set forth in *Quichimbo-Jimenez*, the court concludes that petitioner is not legally detained pursuant to 8 U.S.C. § 1225. This case falls into a category of cases where petitioner is detained pursuant to 8 U.S.C. § 1226(a). This then defeats respondent's argument and the court instead incorporates its reasoning set forth in *Cardenas v. Chestnut*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026), and finds that the appropriate remedy is petitioner's immediate release from custody.

For the reasons explained above,

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 3) is GRANTED;
2. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

/////

a. Respondent is ORDERED to immediately release petitioner Adaias Perez Ortiz, A # 222-561-951, from respondent's custody;

b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with U.S.C. § 1226(a) and its implementing regulations;

3. Petitioner's motion for temporary restraining order (Doc. No. 2) and motion to appoint counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting petitioner's *habeas* petition on the merits;

4. The Clerk of the Court is directed to serve a copy of this order on the warden of the Golden State Annex Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 24, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE